UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**ROBERT LOPER,**
N6754 McCurdy Place
Holmen, Wisconsin 54636

Plaintiff,

Case No. 25-CV-178

vs.

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**
Registered Agent:
Corporation Service Company
33 E. Main Street, Suite 610
Madison, Wisconsin 53703

Defendant.

---

## COMPLAINT

---

The Plaintiff, Robert Loper, by Hawks Quindel, S.C., for his complaint against the above-named Defendant, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Holmen, Wisconsin.

2. Defendant, The Lincoln National Life Insurance Company, on information and belief is a corporation organized under the laws of New Hampshire, licensed to do business in Wisconsin.

3. On information and belief, Defendant administers and insures a long-term disability insurance plan for Gundersen Health System (the Plan), an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974, as amended (ERISA), that has been in effect since at least January 1, 2007 and continues to the present time.

## JURISDICTION & VENUE

4. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

5. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

6. Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

7. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

### I. Employment History and Benefits Coverage

8. Plaintiff is a former Prosthetist/Orthotist for Gundersen Health System.

9. Plaintiff began working for Gundersen Health System in July 2022.

10. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the long-term disability (LTD) coverage provided by the Plan, as well as life insurance coverage.

11. Plaintiff's effective date of coverage under the Plan was September 1, 2022.

12. The Plan indicates that LTD benefits will not be payable for a disability "which is caused or contributed to by, or results from a Pre-Existing Condition" and which begins in the first twelve months after an individual's disability insurance coverage begins.

13. The Plan defines a pre-existing condition as "a Sickness or Injury for which the Insured Employee received treatment within 3 months prior to the Insured Employee's Effective Date."

14. Further, the life insurance plan offered disabled employees a waiver of premium (WOP) benefit for their life insurance policy.

## II. <u>Medical History and Disability Onset</u>

15. Plaintiff began experiencing mild swelling in his neck in mid-2021.

16. Plaintiff consulted with medical providers regarding this swelling, but none of these providers recommended that he undergo further workup or treatment.

17. Plaintiff's swelling remained stable from mid-2021 to approximately August 2022.

18. On August 19, 2022, Plaintiff sought treatment with NP Lori Miskell for redness and swelling on his face.

19. NP Miskell administered an antibiotic injection and prescribed a ten-day course of Augmentin (an antibiotic medication), which improved Plaintiff's facial redness and swelling.

20. On August 23, 2022, Plaintiff sought treatment with Dr. William Scorby for a facial rash, which he suspected may be due to either a chemical exposure at work or spicy food he had eaten.

21. Dr. Scorby noted that it was "unclear" what brought on this condition, but observed that the swelling was mild and ultimately assessed that Plaintiff was likely simply suffering from facial cellulitis.

22. Dr. Scorby later confirmed that during this appointment, he never suspected that Plaintiff's symptoms were due to cancer.

23. Plaintiff's symptoms improved throughout the rest of August and September 2022 and he did not treat for his facial/neck swelling during that time.

24. On October 19, 2022, Plaintiff established care with a new primary care provider, Dr. Kazi Rayhan. At this appointment Plaintiff explained his history of neck swelling and redness, and explained that he recently noticed a mass in the same area.

25. Subsequently, Plaintiff was referred to specialists and underwent further diagnostic measures, which ultimately resulted in a diagnosis of salivary duct carcinoma in November 2022.

26. In the months that followed, Plaintiff's condition, associated symptoms, and treatment side effects began significantly interfering with his ability to perform

the material duties of his occupation and eventually progressed to the point that he was forced to cease working on or about August 11, 2023.

## III. Benefits Claims and Appeals

27. Plaintiff applied for short-term disability benefits with Defendant.

28. Defendant approved Plaintiff's claim for short-term disability benefits through the maximum benefit period.

29. Plaintiff subsequently applied for LTD benefits with Defendant.

30. Plaintiff's gross LTD benefit is worth approximately $5,613.92 per month.

31. Plaintiff has been awarded SSDI benefits.

32. The Social Security Administration determined that Plaintiff was disabled based on the same medical issues that constitute Plaintiff's claim for LTD benefits.

33. Plaintiff was awarded SSDI benefits in the amount of $3,416.90, resulting in a net LTD benefit of approximately $2,197.02 per month.

34. Defendant was responsible for determining whether Plaintiff was eligible for LTD benefits.

35. Defendant was responsible for paying Plaintiff's LTD benefits.

36. Because Plaintiff's disability began within the first twelve months following his effective date of coverage under the Plan, Defendant reviewed his claim to determine whether his disability was due to a pre-existing condition.

37. Defendant does not dispute that Plaintiff is disabled as that term is defined by the Plan.

38. Instead, Defendant denied Plaintiff's LTD benefits claim in its entirely, alleging that Plaintiff's claim was barred by the Plan's pre-existing condition exclusion because Plaintiff received treatment for cancer during three months prior to his effective date of coverage under the Plan.

39. Defendant also denied Plaintiff's life insurance WOP benefit claim.

40. Plaintiff timely appealed Defendant's denial of Plaintiff's LTD benefit and WOP claims and explained that under the applicable legal standard, his claim should not have been denied because his cancer was not pre-existing—namely, he did not receive any treatment for cancer during the lookback period from June 1, 2022 to August 31, 2022, and during this same time period, neither he nor any of his treating providers even suspected that his symptoms there were attributable to cancer.

41. Plaintiff's appeal further explained that he could not have received treatment "for" cancer because none of his treating providers even suspected he was suffering from cancer. *See Lawson v. Fortis Ins. Co.*, 301 F.3d 159 (3d Cir. 2002); *Hughes v. Boston Mut. Life Ins. Co.*, 26 F.3d 264, 269 (1st Cir. 1994); *Kaiser v. United of Omaha Life Ins. Co.*, No. 14-cv-762-wmc, 2016 U.S. Dist. LEXIS 10648, at *23 (W.D. Wis. Jan. 29, 2016).

42. Defendant upheld its denial of Plaintiff's claims and Plaintiff filed a second-level appeal as required by the Plan.

43. In connection with his appeals, Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

44. Defendant obtained a peer review report in connection with its review of Plaintiff's second level appeal.

45. Plaintiff requested that Defendant submit additional questions to the peer reviewer, including whether medical evidence indicated that any provider suspected Plaintiff of having cancer during the lookback period and whether he was referred to a specialist to screen for cancer during the lookback period.

46. Defendant failed to provide answers addressing these questions, despite their relevance to the applicable legal standard.

47. Defendant issued a final denial of Plaintiff's claims on November 27, 2024.

48. Defendant failed to consider the issues raised in Plaintiff's appeal.

49. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

50. Defendant did not perform a "full and fair review" of Plaintiff's claim.

51. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

52. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

53. Defendant failed to engage in a meaningful dialogue with Plaintiff.

54. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

55. Defendant conducted a selective review of Plaintiff's medical records.

56. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

57. At all times material to this case, the Plan has remained in full force and effect.

58. Defendant's denial of Plaintiff's claim for LTD benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIRST CAUSE OF ACTION: DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA

59. The preceding paragraphs are reincorporated by reference as though set forth here in full.

60. Plaintiff has been and remains disabled, as that term is defined by the Plan.

61. Defendant's decision to deny Plaintiff's benefits was incorrect, as well as arbitrary and capricious.

62. Defendant interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

63. Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plan from one case to the next.

64. Defendant failed to properly consider the correct legal standard for pre-existing condition cases in reviewing Plaintiff's appeal.

65. Defendant failed to offer Plaintiff a full and fair review by failing to direct its peer reviewer to respond to Plaintiff's questions.

66. As both the payer of claims and the adjudicator of LTD claim eligibility, Defendant has an inherent conflict of interest.

67. Defendant's denial of Plaintiff's LTD benefits was "downright unreasonable."

68. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTD benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Robert Loper, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTD benefits owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's continued eligibility for all LTD benefits under the Plan;

C. Instatement of Plaintiff's WOP benefit for his life insurance coverage, and a declaration for his continued eligibility for the same;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: March 6, 2025.

HAWKS QUINDEL, S.C.
*Attorneys for Plaintiff, Robert Loper*

By: *\/s/ Jessa L. Victor*
Jessa L. Victor, WI State Bar No. 1099144
Email: jvictor@hq-law.com
Brook E. Tylka, WI State Bar No. 1126886
Email: btylka@hq-law.com
409 East Main Street
P.O. Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236