Date: Wed Nov 27 11:05:15 CST 2024
From: Lisa Kurtz <Lisa.Kurtz@lfg.com>
To: MVieth@hq-law.com
Message-ID: <1933329999.3.1732727115193@ne1pldb201c.lnc.com>
Subject:Lincoln Financial Group Information for Claim 1230085410 (SECURE)

E-communication from Lincoln Financial Group

Lincoln Financial Group

LINCOLN FOR GROUP BENEFITS

## Important Information for Claim #1230085410

Please review the attached letter and/or document(s) regarding the Claim #1230085410 for Robert Loper. You may submit claim forms and additional documentation via email to DisabilityClaims@LFG.com. If you have any questions regarding this information, please contact us at claims@lfg.com or 1-800-423-2765.


**Lisa Kurtz**
**Specialist, Appeals Claims**
The Lincoln National Life Insurance Company
8801 INDIAN HILLS DRIVE
Omaha, NE 68114-4066
Toll Free Phone: 1-800-423-2765
Phone: 800-423-2765 x 66442
Email: Lisa.Kurtz@lfg.com



Insurance products are issued by the insurance company affiliates of Lincoln Financial Group: The Lincoln National Life Insurance Company and Lincoln Life & Annuity Company of New York. The Lincoln National Life Insurance Company is not authorized in the state of New York. Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.

©2013 Lincoln National Corporation

LincolnFinancial.com

You're In Charge™


EXHIBIT
2

**The Lincoln National Life Insurance Company**
Service Office:
8801 Indian Hills Drive
Omaha, NE 68114-4066
Toll free (800) 423-2765
Toll free Fax (877) 843-3950
www.LincolnFinancial.com

November 27, 2024

HAWKS QUINDEL, S.C.
ATTN JESSA L VICTOR
PO BOX 2155
MADISON, WI 537012155

Re: Policyholder: Gundersen Health System
Policy Number: 00001008256700000
Claim Number: 1230085410
Claimant: Robert Loper

Dear JESSA L VICTOR:

We have completed our review of your client's Long Term Disability appeal. Based on the information provided, we have determined that we are unable to approve benefits. In our appeal review process, all information previously submitted as well as any new documentation was used to make a determination.

To qualify for benefits under the policy issued to your client's employer, an individual must satisfy all of the provisions of the policy. This includes, but is not limited to, the following:

P**RE-EXISTING CONDITION EXCLUSION**. The Policy will not cover any Total or Partial Disability:

1. which is caused or contributed to by, or results from a Pre-Existing Condition; and
2. which begins in the first 12 months after the Insured Employee's Effective Date.

"Pre-Existing Condition" means a Sickness or Injury for which the Insured Employee received treatment within 3 months prior to the Insured Employee's Effective Date.

"Treatment" means consultation, care or services provided by a Physician. It includes diagnostic measures and the prescription, refill of prescription, or taking of any prescribed drugs or medicines.

Your client became insured under this policy on 09/01/2022. Since he ceased working during the first 12 months after his effective date, we investigated whether or not he received treatment during the 3 months prior to his effective date. The time frame for the pre-existing period would have been from 06/01/2022 to 09/01/2022.

©2024 Lincoln National Corporation www.LincolnFinancial.com
Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
Affiliates are separately responsible for their own financial and contractual obligations.

Mr. Loper's entire file was reviewed upon appeal. Medical documentation must show that he did not receive treatment as defined above during the pre-existing period from 06/01/2022 to 09/01/2022, which will be the focus of our determination.

**Summary of Initial Claim Filing**

Your client's initial claim forms state that your client was unable to continue working in his own occupation beyond 08/11/2023 due to Malignant neoplasm of submandibular glan. Benefits were never paid because our review of the medical records indicated that he was treated for left facial swelling and redness during the pre-existing timeframe, as outlined above. For complete details please refer to our letters dated 01/26/2024 and revised on 06/21/2024.

The letter noted in part, the following:

> A peer physician review was completed on 06/13/2024 by Dr. Nisha Word (Board Certified in Radiation Oncology) on 06/13/2024. In her review of the medical documentation, you experienced left facial swelling and cellulitis treated with antibiotic therapy. This condition is not considered to be a cause or contributing factor to current impairing diagnosis however the palpable lymph nodes, adenopathy, can be considered a potential contributing or associated finding with the current impairing diagnosis of metastatic submandibular carcinoma noted on physical examination during occupational medicine follow up on 8/23/2022. She noted the enlarged lymph nodes could be caused by infection but also underlying malignancy. The otolaryngologist recommended excision of lymph nodes on 10/26/2022 due to concern for "worrisome pathology" for malignancy. Diagnostic excision of the neck lymph nodes related to
> the current impairing diagnosis of metastatic submandibular carcinoma was conducted on 11/17/2022.
>
> the medical documentation contained in your claim file indicates your condition is pre-existing, as defined by this policy. As noted in the medical documentation above, you
> were initially seen on 08/23/2022 for chronic redness and swelling on the left side of your face. During this visit you were advised to follow up with your primary care physician as Dr. Scorby expressed concern over your symptoms and persistent submandibular adenopathy. You then presented to Dr. Ringstrom on 10/26/2022 and noted continued left facial swelling and redness at this visit. Imaging had been performed within a short time prior to that visit. You were referred for excision and biopsy of left submandibular lymph nodes on 11/17/2022, at which time the results indicated a high-grade salivary duct adenocarcinoma.
>
> As such, the medical documentation shows you were treated during the pre-existing look back period of 06/01/2022 to 09/01/2022, for conditions / symptoms causing, contributing to, or resulting in your current disabling condition on 08/23/2022. Therefore, your condition is considered preexisting, and your claim has been denied with no benefits payable.

**Summary of First Level of Appeal**

On 05/16/2024, your client filed an appeal in response to our determination to deny benefits.

Our review of the medical documentation included consultation with and/or review of a written report from Dr. Judy Schmidt, an independent physician who is Board Certified in Internal Medicine, Hematology and Oncology. The findings in Dr. Schmidt's report confirms treatment during the lookback period of 06/01/2022 to 09/01/2022. Therefore, benefits for malignant neoplasm of the submandibular gland are excluded as this is the result of a pre-existing condition for which Mr. Loper received treatment as defined above. For complete details please refer to our letter dated 08/23/2024.

The letter noted in part, the following:

> The claimant was initially seen during the date range of 6/1/22 to 9/1/22 for redness to the left malar area, and the redness then spread to his left eye, ear, and neck. He also complained of facial swelling, puffiness and redness under the left eye, and increased submandibular glandular swelling. These symptoms were evaluated by APs and were deemed to be possible cellulitis which on further evaluation turned out to be Salivary duct carcinoma and cellulitis was ruled out. Hence, the conditions identified

**Summary of Second Level of Appeal and Determination**

On 09/19/2024, your client filed their second and final appeal in response to our determination to uphold our previous decision to deny benefits. Additional information was submitted with your client's appeal, including but not limited to office notes for the period of 07/17/2024 – 08/14/2024

As part of your client's appeal review, all current and new medical information was reviewed by Kiran Lassi, MD, an independent physician reviewer Board Certified in Medical Oncology. For details of these medical records please refer to the medical review that was sent to you on 10/16/2024. The report was sent to you to afford you the opportunity for you or your client's treating physician(s) to respond or offer a rebuttal.

The findings of Dr. Lassi's review noted in part, the following:

> During the period of 6/1/22 to 9/1/22, the claimant was seen for symptoms of facial swelling/redness with associated submandibular glandular swelling, which was suspected to be related to an allergic reaction or an infection; however, the cause was undetermined. There were findings of mild swelling on the left side of his face from just below his left eye and cheek to the angle of the mandible, as well as some bilateral submandibular adenopathy. Eventually, the claimant underwent a biopsy of a left neck mass, which showed high-grade adenocarcinoma and immunophenotypic features consistent with salivary duct carcinoma. Thus, it appears his initial symptoms for which he sought care during the period of 6/1/22 to 9/1/22 are related to his submandibular ductal carcinoma, for which he is currently out of work.

In response to Dr. Lassi's report your office submitted medical records from Gundersen Health System for the period of 10/19/2022 through 11/15/2022. You also included a letter asking that Dr. Lassi respond to several questions you penned in response to her report.

The medical records you submitted were previously contained within Mr. Loper's claim file and reviewed at both claim level and appeal.

You asked in your 10/21/2024 letter for the working diagnosis of Mr. Loper's facial redness and swelling between 06/01/2022 and 09/01/2022, if any provider during that same period suspected Mr. Loper of having cancer, then you asked if Mr. Loper was referred to a specialist to screen for cancer during that same period, and finally you asked on what date did any provider develop suspicion that Mr. Loper had cancer.

We responded to your letter on 10/28/2024 providing response to the 4 questions you submitted. We advised that Mr. Loper was suffering from facial redness and swelling during the lookback period of 06/01/2022 to 09/01/2022, he was undergoing treatment and diagnostic testing during the lookback period which ultimately lead to his cancer diagnosis.

We further advised that the policy Pre-Existing Condition Exclusion provision does not indicate that it be suspected that Mr. Loper had cancer, nor that he be referred to a specialist for additional treatment due to a condition for which he ceased working. Finally we advised that the policy does not require that a treating physician develop a suspicion of a diagnosis.

The Pre-Existing Condition Exclusion notes the following:

> "Pre-Existing Condition" means a Sickness or Injury for which the Insured Employee received treatment within 3 months prior to the Insured Employee's Effective Date.
>
> "Treatment" means consultation, care or services provided by a Physician. It includes diagnostic measures and the prescription, refill of prescription, or taking of any prescribed drugs or medicines.

As is noted, treatment means consultation, care or services provided by a Physician (see full definition above). Mr. Loper was receiving care and consultation with his physician(s) during the look back period of 06/01/2022 to 09/01/2022 for facial swelling (submandibular glandular swelling) and redness which was ultimately the result of his salivary duct carcinoma.

In response to our 10/28/2024 letter you provided a letter opining that Mr. Loper did not receive medical treatment for cancer during the lookback period because during that time, no one suspected he had cancer.

Your 10/28/2024 letter provides your opinion that your client did not have treatment for cancer during the lookback period; however, the policy does not specify that the claimant be diagnosed with a specific condition in order for it to be pre-existing. Mr. Loper was seen on 08/20/2022 for redness in the left malar area that had spread to his left eye, ear, and neck and he noted pain when he opened his mouth.

He was then seen on 08/23/2022 for a follow-up regarding puffiness and redness under the left eye. He noted that after he initially noted the puffiness and redness the swelling progressed with significant increase in redness that involved much of the left side of his face, with

associated submandibular glandular swelling. The physical examination noted the mild swelling without redness on the left side of his face from just below the left eye and cheek to the angle of the mandible (lower jaw bone). There were findings of some bilateral submandibular adenopathy (swollen lymph nodes). These findings lead to a biopsy of a left neck mass, which showed high-grade adenocarcinoma and immunophenotypic features consistent with salivary duct carcinoma.

Mr. Loper's initial symptoms for which he sought care/treatment during the period of 06/01/2022 to 09/01/2022 were deemed related to his submandibular ductal carcinoma, for which he is currently out of work and are excluded from coverage.

We therefore find that your client is no longer Totally Disabled under the terms of our policy.

We are aware that your client is receiving other income benefits, such as Social Security Disability Income (SSDI). Our records indicate his date of entitlement was 02/01/2024. However, please understand our group policy and review process is independent from that of the Social Security Administration (SSA). Although benefits have been approved for SSDI, this decision was based on the SSA's plan provisions and information received by the SSA and may have to his age. SSDI considers persons 55 and older to be of advanced age and are more likely to be found disabled because it is less realistic to be expected to transition to different work. Lincoln does not have similar rules. The claim decision made under the Lincoln Financial Group policy was based upon information we have obtained from you, your client, your client's treating medical professionals and the results of any internal and/or independent reviews of your client's claim.

We evaluated this claim by applying the provisions of the policy to the facts and opinions contained in the claim file. Other than what is set out in the policy, we did not rely upon any guidelines, internal rules, protocols, standards or other similar criteria in reaching this claim determination.

You and your client have exhausted all rights of appeal, and your client's administrative file is now closed.

If your client's plan is subject to ERISA, your client may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your client's local U.S. Department of Labor Office and your client's State insurance regulatory agency. In addition, your client has the right to pursue litigation and your client may request copies of records and other information relevant to the claim free of charge.

The employer's plan has a contractual limitations period of three years, which means that a lawsuit must be brought within three years after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is 02/09/2027.

Please contact me directly at the number below with any questions you may have or email us at LFGAppeals@lfg.com.

Sincerely,

Lisa K
800-423-2765 x 66442
Claim Resolution Specialist
Claim Resolution Services
The Lincoln National Life Insurance Company

Chinese (Simplified)

注意：如果您说普通话，可以选择免费语言支持服务。 请拨打 1-800-423-2765.

Chinese (Traditional)

注意：若您講國語，可使用我們的免費語言支援服務。 請致電 1-800-423-2765.

Tagalog

Pansinin: Kung nagsasalita ka ng Tagalog, mayroon kang magagamit na mga libreng serbisyo ng tulong sa wika. Tumawag sa 1-800-423-2765.

Spanish

Atención: si habla español, tenemos disponibles servicios de apoyo con el idioma sin costo para usted. Llame al 1-800-423-2765.

Navajo

DÍÍ BAA AKÓ NÍNÍZIN: Díí bee yáníłti'go Diné bizaad, saad bee áká'ánida'áwo'dę́ę́' t'áá jiik'eh, ná hóló̜. Koji̜' hódíílnih áo̜i̜óóo̜éą̜ą́o̜ąíę́ę.